UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Dana Wheeler, et al.

v.                              Civil No. 10-cv-145-JD

HXI, LLC

O R D E R

Before the court is Plaintiffs/Defendants-in-Counterclaim

("Plaintiffs") Dana Wheeler's and Radio Physics Solutions, Inc.'s

("RPS") Emergency Motion for Limited Expedited Discovery

(document no. 28), and Plaintiffs' Emergency Motion for Extension

of Time to Oppose Preliminary Injunction (document no. 27).

Defendant/Plaintiff-in-Counterclaim HXI, LLC ("HXI" or

"Defendant") opposes the motion for limited discovery, but seeks,

in the alternative, reciprocal discovery (document no. 35).  A

hearing on these motions took place via telephone on July 27,

2010.  Attorneys Mark M. Whitney and Laura E. Coltin Ogden

appeared for Plaintiffs; Attorneys Benjamin H. Klein and Melissa

Hanlon appeared for Defendant.  Pursuant to Federal Rule of Civil

Procedure 26(d), and for the following reasons, Plaintiffs'

motion for expedited discovery (document no. 28) is granted in

part and denied in part, and Defendant's request for reciprocal discovery (document no. 35) is granted.

Plaintiffs seek expedited discovery "to adequately prepare their opposition" to Defendant's preliminary injunction motion, hearing on which is currently scheduled for August 24, 2010. Plaintiffs propose that expedited discovery be limited to three subject areas and be further limited by form, number, and time for production.  With respect to subject areas, Plaintiffs propose that they be allowed to propound discovery relating to: (1) the products, confidential information and trade secrets that HXI alleges have been misappropriated by RPS and Wheeler, (2) HXI's alleged loss of business with SNC, and (3) evidence in support of RPS and Wheeler's defense against HXI's Motion for Preliminary Injunction.

Defendant objects to expedited discovery as to all three subject areas.  First, Defendant argues that evidence relating to products, confidential information and trade secrets that have been allegedly misappropriated should not be the subject of expedited discovery because the Counterclaim, the Preliminary Injunction Motion, certain exhibits to that motion, and evidence in Plaintiffs' possession "evidence" and provide "sufficient notice to Plaintiffs of the trade secrets and confidential

information that is being misappropriated." Defendant further objects that the second subject area -- alleged losses -- is not narrowly tailored to the preliminary injunction inquiry because Defendant at this procedural juncture need not prove the full extent of its damages or losses. Finally, Defendant objects to the third proposed subject area, relating to Plaintiffs' "defense" against the preliminary injunction motion, on grounds that Plaintiffs have "failed to articulate the specific evidence sought and the nexus it has to the pending Motion for Preliminary Injunction."

The moratorium on discovery prior to the parties' Rule 26(f) conference may be lifted by court order. See Fed. R. Civ. P. 26(d). "Although the rule does not say so, it is implicit that some showing of good cause should be made to justify such an order." 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Fed. Pract. and Proc. § 2046.1, at 592 (2d ed. 1994). The inquiry for the court is whether the movant has established good cause for expedited discovery. See id.; McMann v. Doe, 460 F. Supp. 2d 259, 265 (D. Mass. 2006). Courts have frequently cited criteria analogous to those required in granting a motion for a preliminary injunction in ruling on motions for expedited discovery, see, e.g., McMann, 460 F. Supp. 2d at 265 (factors to

be weighed include purpose for discovery, ability of discovery
to preclude irreparable harm, the movant's likelihood of success
on the merits, burden of expedited discovery on nonmovant, and
degree of prematurity).  Here, the preliminary injunction motion
has been filed by Defendant on two counterclaims.  Accordingly,
the question in this case turns on whether Plaintiffs have
demonstrated good cause for expedited discovery by showing that
the need for the requested discovery outweighs the burden to the
Defendant, in light of the interests of the administration of
justice.  See, e.g., id. at 266 (plaintiff's showing of
irreparable harm and need to proceed ex parte justified court's
granting leave to obtain expedited discovery); Wachovia Secs.,
LLC v. Stanton, 570 F. Supp. 2d 1014, 1050 (N.D. Iowa 2008)
(finding good cause because "expedited discovery may clarify
matters that were outside of [parties'] knowledge" and
"ultimately lead to prompt and efficient disposition of this
litigation and the parties' underlying dispute").

    In the present case, Plaintiffs' request for limited,
expedited discovery of (1) the products, confidential
information and trade secrets that HXI alleges have been
misappropriated by RPS and Wheeler, and (2) HXI's alleged loss
of business with SNC are reasonable and narrowly tailored to the

preliminary injunction issues. Specifically, it is reasonable that Plaintiffs should have access, limited by form and number of discovery requests, to evidence relating to the products, confidential information, and trade secrets alleged to have been misappropriated, as that information goes directly to the issue of Defendant's likelihood of success on the merits.  It is not enough, as Defendant contends, that Plaintiffs have "notice" of evidence Defendant is likely to present at the preliminary injunction hearing; Plaintiffs should be allowed to explore, at least in a limited way, the evidentiary basis for Defendant's allegations.

Further, the issue of losses, insofar as it relates to HXI's ability to show irreparable injury, is central in the preliminary injunction inquiry.  In the context of a business dispute, unquantifiable losses in the form of lost goodwill may be evidence of irreparable harm.  See Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 19 (1st Cir. 1996) (irreparable harm may be met upon showing that absent restraining order, movant "would lose incalculable revenues and sustain harm to its goodwill).  Irreparable harm may also be shown by "'potential economic loss . . . so great as to threaten the existence of the movant's business.'"  Vaqueria Tres

Monjitas, Inc. v. Irizarry, 587 F.3d 464, 485 (1st Cir. 2009),
pet. for cert. filed, No. 10-74 (U.S. July 9, 2010); cf.
Automated Merchandising Sys., Inc. v. Crane Co., 357 Fed. Appx.
297, 301 (Fed. Cir. 2009) ("Lost sales (without more) are
presumed to be compensable through damages, so they do not
require injunctive relief."). Therefore, discovery into the
full extent of HXI's damages claim would not be proper at this
stage of the proceeding, but discovery limited in scope and form
to probe only whether HXI suffered irreparable losses is
appropriate.

With respect to Plaintiffs' proposal for discovery relating
to "evidence in support of RPS and Wheeler's defense against
HXI's PI Motion," the court agrees with Defendant that the
request is not narrowly tailored or sufficiently specific, and
risks converting the expedited discovery process into a fishing
expedition.

Finally, the court finds the Plaintiffs' proposed
limitations on the number, timeframe, and form of expedited
discovery to be reasonable. In its response to Plaintiffs'
motion, Defendant did not object on burden grounds to
Plaintiffs' proposed non-subject matter limitations. In fact,
in requesting alternative relief in the form of reciprocal

discovery, Defendant adopts the timeframe Plaintiffs propose.
With respect to Defendant's proposed reciprocal discovery, the
court finds such discovery reasonable under the subject matter
and timeframe limitations proposed by Defendant.

<u>Conclusion</u>

Accordingly, this court orders expedited discovery in
anticipation of the upcoming preliminary injunction hearing as
follows:

1.  Plaintiffs and Defendant shall serve limited expedited
discovery requests consistent with this order by e-mail within
two (2) business days of entry of this order;

2.  Plaintiffs and Defendant shall respond by e-mail (or
in-hand delivery) to the limited discovery requests within ten
(10) days of receipt of service thereof.

3.  Expedited discovery shall be limited, per party, to
one (1) deposition; ten (10) document requests; and five (5)
interrogatories.  Each deposition shall last no longer than
three (3) hours.

The court grants Plaintiffs' request for an extension of
time to file a response to the Defendant's request for a
preliminary injunction (document no. 27).  Accordingly,

Plaintiffs shall file their response on or before August 18, 2010.

      SO ORDERED.

                                    _____
                                    Landya B. McCafferty
                                    United States Magistrate Judge

July 28, 2010

cc:  Laura E. Coltin Ogden, Esq.
     Benjamin H. Klein, Esq.
     Derek D. Lick, Esq.
     David J. Shlansky, Esq.
     Jeffrey S. Siegel, Esq.
     Mark M. Whitney, Esq.