UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Dana Wheeler and Radio</u>
<u>Physics Solutions, Inc.</u>

    v.                                     Civil No. 10-cv-145-JD

<u>HXI, LLC</u>


O R D E R


     Dana Wheeler and Radio Physics Solutions, Inc. brought a declaratory judgment action against Wheeler's former employer, HXI, LLC, seeking a determination that an agreement between Wheeler and HXI is unenforceable or that Wheeler has not breached the agreement. Wheeler and Radio Physics also alleged claims of unfair competition and tortious interference with contractual relations. HXI moved to dismiss.

     HXI then filed its answer and a third party complaint, alleging counterclaims against Wheeler and Radio Physics and third-party claims against MMIC Solutions Ltd. and Anglo Scientific Ltd. On July 12, 2010, HXI moved for a preliminary injunction to prevent Wheeler from working for or on behalf of Radio Physics, MMIC, and Anglo Scientific during the term of the agreement; and from contacting or soliciting HXI's customers; from disclosing HXI's trade secrets and confidential business information. HXI also sought to enjoin Radio Physics from, among

other things, developing or selling products that compete with HXI's products.  The parties were granted limited discovery on the preliminary injunction motion, and a hearing is scheduled for August 24, 2010, before the magistrate judge.

On July 21, 2010, twenty-one days after HXI filed its answer, Wheeler and Radio Physics filed an amended complaint. The amended complaint addresses some of the issues raised in the motion to dismiss.  HXI then filed a reply to Wheeler's and Radio Physic's objection to the motion to dismiss in which HXI addressed the new allegations in the amended complaint.

Under the Federal Rules of Civil Procedure, Wheeler and Radio Physics were permitted to file their amended complaint as a matter of course within twenty-one days after service of HXI's answer.  Fed. R. Civ. P. 15(a)(1)(B).  Once filed, the amended complaint superseded the original, and "[t]hereafter, the earlier complaint is a dead letter and no longer performs any function in the case." Connectu LLC v. Zukerberg, 522 F.3d 82, 91 (1st Cir. 2008) (internal quotation marks omitted); Kolling v. Am. Power Conversion Corp., 347 F.3d 11, 16 (1st Cir. 2003).  As a result, the pending motion to dismiss is moot.  See, e.g., Mata-Cuellar v. Tenn. Dep't of Safety, 2010 WL 3122635, at *2 (M.D. Tenn. Aug. 6, 2010); Leeds v. BAE Sys., 2010 WL 2245941, at *1 (D.N.H. June 2, 2010); Wooten v. Infinity Partners, LLC, 2010 WL 1452878, at

\*3 (W.D.N.C. Apr. 12, 2010); Cont'l Transfert Technique Ltd. v. Fed. Gov't of Nigeria, 697 F. Supp. 2d 46, 55 (D.D.C. 2010).

## Conclusion

The defendant's motion to dismiss the original complaint (document no. 13) is denied as moot.

SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

August 11, 2010

cc: Laura E. Coltin Ogden, Esquire
    Benjamin H. Klein, Esquire
    Derek D. Lick, Esquire
    David J. Shlansky, Esquire
    Mark M. Whitney, Esquire